UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ) Magistrate Case No. '08 MJ 2687
) AMENDED
Plaintiff, ) COMPLAINT FOR VIOLATION OF:
) Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)
v. ) Transportation of Illegal
) Aliens
1.) Jorge Alberto CAMACHO-Oliverria, and )
2.) Jose Luis TORRES-Barajas ) Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii)
) Bringing in Illegal Aliens Without
Defendant(s) ) Presentation
)

FILED
2008 SEP -2 AM 11: 55
CLERK US ...
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The undersigned complainant, being duly sworn, states:

### COUNT ONE

On or about **August 29, 2008**, within the Southern District of California, defendant **Jorge Alberto CAMACHO-Oliverria** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Maricarmen Victoria RIOS-Rodriguez, Jose MARTINEZ-Torres, Cesar Julian MONTANO-Estrella, Jose ARREGUIN-Gonzalez, Samuel MARTINEZ-Torres** and **Rafael FAUSTO-Carrillo** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

### COUNT TWO

On or about **August 29, 2008**, within the Southern District of California, defendant **Jorge Alberto CAMACHO-Oliverria and Jose Luis TORRES-Barajas** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Maricarmen Victoria RIOS-Rodriguez, Jose MARTINEZ-Torres, Cesar Julian MONTANO-Estrella, Jose ARREGUIN-Gonzalez, Samuel MARTINEZ-Torres** and **Rafael FAUSTO-Carrillo** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 2nd DAY OF **SEPTEMBER 2008**

_____
Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

8/29/08

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Maricarmen Victoria RIOS-Rodriguez, Jose MARTINEZ-Torres, Cesar Julian MONTANO-Estrella, Jose ARREGUIN-Gonzalez, Samuel MARTINEZ-Torres** and **Rafael FAUSTO-Carrillo** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 29, 2008, Senior Patrol Agent M. Bergin of the San Diego Sector Interdiction Group was conducting anti-smuggling duties between Alpine and Pine Valley, California along Interstate 8. Pine Valley is located approximately twenty miles northeast of the Tecate, California Port of Entry. This is in the sparsely populated rural Eastern San Diego County. The terrain in this area is high-desert and mountainous, with many washes, ravines and canyons covered by thick vegetation. Alien smugglers frequently use the terrain in this area to their advantage when bringing groups of illegal aliens into the United States. This section of I-8 is well known for the presence of groups of illegal aliens being smuggled into the United States. Pine Valley is located approximately three miles west of a fully operational westbound immigration checkpoint. Frequently, groups of undocumented aliens who are guided across the United States/Mexico border are lead to this section of I-8 before being loaded into smuggling conveyances in an effort to circumvent the checkpoint.

At approximately 11:30 P.M. Agent Bergin, observed a Ford Thunderbird on the shoulder of the eastbound lanes of I-8 approximately one quarter mile west of the Pine Valley interchange. As agent Bergin continued eastbound past the Thunderbird, he observed several individuals run up from the brush and enter the Thunderbird. Agent Bergin observed the trunk of the vehicle in the open position as he passed. Agent Bergin notified other agents in the area of his observations and requested that Agent Rivera in the marked Border Patrol unit respond to initiate a vehicle stop. Agent Bergin observed and reported that the Thunderbird had in fact exited I-8 at Pine Valley and entered back onto I-8 westbound. Once the Thunderbird was out of sight, Agent Bergin began traveling west and initiated mobile surveillance. Agent Rivera responded to the report of the Thunderbird. Agent Bergin slowly closed the distance between himself and the Thunderbird. Agent Bergin was soon able to get close enough to observe and record the Thunderbird's license plate, and he requested stolen vehicle/registered owner information from Border Patrol Dispatch. Alien smuggling organizations (ASO) commonly utilize vehicles with incomplete registrations such as releases of liability to mask the identity of ASO members.

After the Thunderbird passed Tavern Road, Agent Rivera activated his vehicle's emergency lights to perform a vehicle stop. The Thunderbird failed to yield to Agent Rivera's emergency lights. Agent Rivera advised Border Patrol Radio Dispatch that the Thunderbird appeared to be failing to yield. Agent Rivera activated his audible police siren and the Thunderbird still refused to yield. Agent Rivera engaged the Thunderbird in pursuit. The Thunderbird continued to travel at approximately 70 miles per hour, which was the posted speed limit. While continuing westbound on I-8, the Thunderbird obeyed all traffic laws and made no dangerous maneuvers. Traffic in front of the Thunderbird was light. After the Thunderbird passed over the Puetz Valley Road overpass, approximately one mile from the initiation of pursuit, Supervisory Border Patrol Agent M. Hansen attempted to deploy a CTDD in its path. The Thunderbird failed to make contact with the CTDD as it was thrown short. The Thunderbird continued westbound on I-8 for an additional one half mile. The Thunderbird exited I-8 at the Dunbar Lane/Harbison Canyon interchange and turned northbound. Agent Rivera advised all responding units of this directional change.

Agent Rivera observed that as he completed his turn onto Dunbar Lane, the Thunderbird passed over a dip in the road and its rear end bottomed out causing sparks to emanate from the undercarriage. The Thunderbird transitioned from Dunbar Lane, north onto Bridon Road. Within 20 to 30 seconds, and having traveled approximately three tenths of a mile after exiting the interstate, the driver lost control of the Thunderbird and was involved in a single vehicle traffic collision. The Thunderbird jumped a curb on the western side of Bridon Road at a curve in the road and drove at an angle down an approximately 45 degree slope.

After traveling a portion of the distance down this slope, the Thunderbird rolled over several times and came to rest on its roof. Agent Rivera immediately advised dispatch and responding agents that the vehicle had been involved in a traffic collision. Agent Hansen then contacted Border Patrol Radio Dispatch and requested emergency medical services.

Agents Rivera, Bergin, Hurtado and Hansen immediately ran to the vehicle to render aid to the occupants and to assess the injuries for the responding medical units. Initially one subject appeared trapped in the Thunderbird. Dispatch was advised that extrication appeared necessary for at least one subject. Before EMS arrived, this individual had managed to free himself from the vehicle.

One individual identified as Jose Luis TORRES-Barajas complained of and exhibited evidence of head and back trauma. One individual, identified as Jose ARREGUIN-Gonzalez, who was located to the rear of the open trunk, was unresponsive to inquiries of his condition and pain, but was breathing and had a good pulse. ARREGUIN's only verbal responses were moans.

After EMS arrived on scene it was determined that Arreguin had expired. The remaining individuals were able to stand on their own and were moved quickly to the road surface away form the Thunderbird. Agents remained by the side of ARREGUIN and TORRES.

Agents Rivera and Hurtado briefly conducted biological interviews on the six individuals who had suffered apparently minor injuries. All provided names, dates of birth and citizenship information. All of these individuals admitted to being Mexican citizens. None were in possession of any immigration documents that would allow them to remain in the United States legally. Seven of the individuals from the Thunderbird were transported to local area hospital.

On August 30, 2008, at approximately 4:00 A.M. the defendant **Jorge Alberto CAMACHO-Oliverria** was released form the hospital and placed in custody. On September 1, 2008, at approximately 1:30 P.M. the defendant **Jose Luis TORRES-Barajas** was released from the hospital and he was placed into custody. Records checks of TORRES-Bajajas revealed fifteen prior Department of Homeland Security arrests and on two occasions TORRES admitted to guiding illegal entrants into the United States for financial gain.

CONTINUATION OF COMPLAINT:
Jorge Alberto CAMACHO-Oliverria
Jose Luis TORRES-Barajas

## MATERIAL WITNESSES STATEMENTS:

Material witnesses **Maricarmen RIOS-Rodriguez, Jose MARTINEZ-Torres, Cesar Julian MONTANO-Estrella, Samuel MARTINEZ-Torres, and Rafael FAUSTO-Carrillo** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they did not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Mexico to be smuggled into the United States. All the material witnesses stated that they were to pay approximately $1,700.00 to $3,000.00 U.S. dollars to be smuggled into the United States. Material Witnesses RIOS, J. MARTINEZ, S. MARTINEZ, and FAUSTO were able to positively identify the defendant, **Jorge Alberto CAMACHO-Oliverria**, as the driver of the vehicle. All material witnesses were able to positively identify the defendant, **Jose Luis TORRES-Barajas** as the foot-guides in a photographic line-up.

Executed on August 31, at 9:30 P.M.

_Alexis M Carroll_
Alexis M. Carroll
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of **three** page(s), I find probable cause to believe that the defendants named in this probable cause statement committed the offense on **August 29, 2008**, in violation of Title **8**, United States Code, Section **1324**.

Leo S. Papas
United States Magistrate Judge

9/2/08 - 1:50 PM
Date/Time